AO 106 (Rev 04/10) Affidavit for Search Warrant

AUSA MICHAEL D. LOVE, 815-987-4444

FILED
12/15/2020
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS, WESTERN DIVISION

In the Matter of the Search of:

the USPS Priority Mail package bearing tracking number 9505511634940345666811, further described in Attachment A

Case Number: **20MC29**

## APPLICATION AND AFFIDAVIT FOR A SEARCH WARRANT

I, Alexander Lupiani, a Postal Inspector of the U.S. Postal Inspection Service, request a search warrant and state under penalty of perjury that I have reason to believe that in the following package:

**See Attachment A**

located in the Northern District of Illinois, there is now concealed:

**See Attachment B**

The basis for the search under Fed. R. Crim. P. 41(c) is evidence, instrumentalities, and contraband.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| Title 21, United States Code, Section 843(b) | narcotics |

The application is based on these facts:

**See Attached Affidavit**

Continued on the attached sheet.

_____
Applicant's Signature

Alexander Lupiani, Postal Inspector
U.S. Postal Inspection Service
Printed name and title

Pursuant to Fed. R. Crim. P. 4.1, this Application is presented by reliable electronic means. The above-named agent provided a sworn statement attesting to the truth of the statements in the Application and Affidavit by telephone.

Date: December 15, 2020  4:39 p.m.

_____
Judge's signature

City and State: Rockford, Illinois

LISA A. JENSEN, U.S. Magistrate Judge
Printed name and title

UNITED STATES DISTRICT COURT    )
    )
NORTHERN DISTRICT OF ILLINOIS    )

## AFFIDAVIT

I, Alexander Lupiani, being duly sworn, state as follows:

1. I am a Postal Inspector with the U.S. Postal Inspection Service. I have been so employed since approximately February 2013.

2. As part of my duties as a USPIS Postal Inspector, I investigate criminal violations relating to violations of the federal laws relating to the mails and to controlled substances.

3. This affidavit is made in support of an application for a warrant to search the USPS Priority Mail Express Parcel with Tracking Number 9505511634940345666811 described further in Attachment A (the "**Subject Parcel**"), for evidence, instrumentalities, and contraband described further in Attachment B, concerning narcotics offenses, in violation of Title 21, United States Code, Section 843(b).

4. The statements in this affidavit are based on my personal knowledge, and on information I have received from other law enforcement personnel and from persons with knowledge regarding relevant facts. Because this affidavit is being submitted for the limited purpose of securing a search warrant, I have not included each and every fact known to me concerning this investigation. I have set forth facts that I believe are sufficient to establish probable cause to believe that evidence,

instrumentalities, and contraband of violations of Title 21, United States Code, Section 843(b), are located within the **Subject Parcel.**

I.  **FACTS SUPPORTING PROBABLE CAUSE TO SEARCH THE SUBJECT PARCEL**

5. On December 14, 2020, law enforcement inspected the **Subject Parcel** at USPS Palatine Processing & Distribution Center in Palatine, Illinois. The **Subject Parcel** was mailed on December 10, 2020, from Phoenix, Arizona 85032 and is addressed to "Melissa King, 2664 Conklin Fr # Apt 8, Rockford, IL 61101", with a return address of "Amy Smith, 11459 N 28th Dr, Phoenix, AZ 85029". The **Subject Parcel** bears $15.05 in postage, measures approximately 12.5 inches by 8.75 inches by 6 inches, and weighs approximately 3 pounds 5.9 ounces.

6. Law enforcement observed several characteristics about the **Subject Parcel** that, in my training and experience, can be consistent with parcels containing a controlled substance.

   a. Law enforcement ran the sender and recipient names and addresses on the **Subject Parcel** through a law enforcement database. Based on my review of the law enforcement database results, the sender's name "Amy Smith," is not associated with the listed address. Moreover, according to law enforcement database results and open source records, while the sender's address exists, the address is associated with a large multi-unit building and the listed address does not include a specific unit number.

2

b. According to law enforcement database results, while the listed destination address exists, the name Melissa King is not associated to the address. A search of the Illinois Secretary of State database for Illinois Driver's Licenses, identification cards and vehicles produced no records for Melissa King at the destination address.

7. Based on my training and experience, fictitious sender or receiver names, and fictitious or non-specific return addresses, can indicate that the sender or receiver does not want to be associated with the parcel.

8. Each of the characteristics I describe above can be consistent with parcels that do not contain contraband. Based on my training and experience, however, the combination of these characteristics led me to investigate further by calling in narcotics dogs to perform further examination of the **Subject Parcel**.

9. On December 14, 2020, I arranged for a United States Customs and Border Protection Canine Officer and his canine partner, "Kruger," to meet with me and examine the **Subject Parcel**. According to the Canine Officer, Kruger is certified annually by United States Customs and Border Protection as a narcotics dog. Kruger was most recently re-certified on September 16, 2020. Kruger is trained to sniff buildings, vehicles, envelopes, and wrapped parcels to detect the odors of heroin, cocaine, marijuana, hash, methamphetamine, ecstasy, fentanyl analogs and other controlled substances that could be contained inside. Kruger is also trained to indicate the presence of such substances or their scents by alerting to the item he is

3

sniffing. In addition, according to USPIS records, Kruger has successfully alerted to controlled substances in U.S. Mail Parcels and letters on 4 occasions since September 2020, with a success rate of approximately 66%. To the best of my knowledge, U.S. Customs and Border Protection does not maintain records regarding the overall success rate for its drug detection dogs, and therefore only the USPIS success rate is available.

10. On December 14, 2020, at the Postal Service International Service Center at O'Hare Airport in Chicago, Illinois, I arranged a controlled substance detection test by placing the **Subject Parcel** among approximately 20 other parcels on a conveyor belt. I then witnessed Kruger examine the parcels and observed Kruger alert by sitting next to the **Subject Parcel**. Kruger did not alert to any of the other parcels. The Canine Officer informed me that Kruger's actions indicated the presence of the odor of narcotics and/or controlled substances in the **Subject Parcel**. I then took custody of the **Subject Parcel**.

11. I arranged for a second controlled substance detection test with an Elmhurst Police Officer and his certified narcotics canine that is not trained to alert to the odor of marijuana. On December 15, 2020, I met with an Elmhurst Police Department Canine Officer and his canine partner, "Ozy," to examine the Subject Parcel. According to the Canine Officer, Ozy is certified by the Illinois Law Enforcement Training and Standards as a narcotics dog. Ozy was re-certified on October 7, 2020. Ozy is trained to sniff buildings, vehicles, envelopes, and wrapped

4

parcels to detect the odors of heroin, cocaine, methamphetamine, ecstasy, and other controlled substances that could be contained inside. Ozy is also trained to indicate the presence of such substances or their scents by alerting to the item he is sniffing. In addition, according to USPIS records, Ozy has successfully alerted to controlled substances in parcels on 9 occasions since September 2020, with a success rate of approximately 100%. To the best of my knowledge, the Elmhurst Police Department does not maintain records regarding the overall success rate for its drug detection dogs, and therefore only the USPIS success rate is available.

12. On December 15, 2020, at the Postal Service International Service Center at O'Hare Airport in Chicago, Illinois, I arranged a controlled substance detection test by placing the Subject Parcel among approximately 20 other parcels in an unused office area. I then witnessed Ozy examine the parcels and observed Ozy alert by sitting next to the Subject Parcel. The Canine Officer informed me that Ozy's actions indicated the presence of the odor of narcotics and/or controlled substances in the Subject Parcel.

## II. CONCLUSION

13. Based on the above information, I respectfully submit that there is probable cause to believe that narcotics offenses, in violation of Title 21, United States Code, Section 843(b), have been committed, and that evidence, instrumentalities, and contraband relating to this criminal conduct, as further described in Attachment B, will be found in the Subject Parcel, as further described in Attachment A. I therefore respectfully request that this Court issue a search warrant for the **Subject Parcel**

5

more particularly described in Attachment A, authorizing the seizure of the items described in Attachment B.

FURTHER AFFIANT SAYETH NOT.

_____
Alexander Lupiani
Postal Inspector
U.S. Postal Inspection Service

Sworn to and affirmed by telephone 15th day of December, 2020

_____
Honorable LISA A. JENSEN
United States Magistrate Judge

6

## ATTACHMENT A

## DESCRIPTION OF ITEM TO BE SEARCHED

The USPS Priority Mail Express Parcel with Tracking Number 9505511634940345666811 bearing a recipient address of Melissa King, 2664 Conklin Fr # Apt 8, Rockford, IL 61101, with a return address of Amy Smith, 11459 N 28th Dr, Phoenix, AZ 85029. The **Subject Parcel** bears $15.05 in postage, measures approximately 11.25 inches by 8.75 inches by 6 inches and weighs 3 pounds 5.9 ounces.

## ATTACHMENT B

## LIST OF ITEMS TO BE SEIZED

Evidence, instrumentalities and contraband concerning violations of Title 21, United States Code, Section 843(b) (the "Subject Offense"), as follows:

1. Controlled substances;

2. Packaging for controlled substances

3. United States currency, which constitutes evidence or instrumentalities of the Subject Offense;

4. Items associated with controlled substances; and

5. Items that identify the sender or receiver of the Subject Parcel.